SAMUEL L. CARLETON *vs.* WILLIAM D. LEWIS.

Cumberland. Decided April 30, 1877.

*Trial. Exceptions.*

The rule that exceptions must be alleged at the term at which the ruling was made or that the right to allege them will be waived, applies in the superior court as well as in the supreme judicial court.

The ruling of the presiding justice is presumed to be correct unless the alleged error is made to appear. Exceptions will not be sustained to his ruling that the declaration is sufficient upon the mere "claim of the defendant" that it contained certain errors.

*Thus,* where the presiding justice was requested to instruct the jury that the action could not be maintained because "as the defendant claimed" the declaration sets forth a felony and there had been no conviction for such felony or prosecution therefor, and the instruction was refused, the exceptions to the refusal were overruled.

Exceptions do not lie to a refusal to order a non-suit.

On Exceptions from the superior court, at the April term, 1876.

Trespass on the case. Writ dated February 10, 1876, entered at the March term, 1876. The defendant filed a general demurrer to the declaration at the March term, 1876. The demurrer was overruled, and to that ruling at the April term the defendant alleged exceptions.

The defendant at the trial at the April term requested the presiding judge to instruct the jury that the action could not be maintained because, as defendant claimed, the declaration sets forth a felony, and the case shows that there had been no conviction for such felony and no prosecution commenced by plaintiff or any other person, against the defendant for such supposed felony, and because for other reasons the action had not been made out and a non-suit ought to be ordered. Which requested instruction was refused; and the defendant, the verdict being for the plaintiff, alleged exceptions.

*C. Hale*, for the defendant.

*J. S. Abbott* with *S. L. Carleton*, for the plaintiff.

Virgin, J. I. In this court a party must allege exceptions "during the term" at which the ruling was made. R. S. c. 77, § 21. Exceptions must be alleged in the superior court as in this court. St. 1868, c. 151, § 7. In the case at bar the demurrer was overruled at the March term; and no exceptions having been then taken, the right to allege exceptions for that cause was waived.

II. Neither the writ nor the pleadings is made part of the bill of exceptions. And having no means of ascertaining whether what the "defendant claimed" is true, to wit, that the declaration set forth a felony and that the case shows that there had been no conviction for such felony, we must presume the ruling was correct, and not erroneous, especially, inasmuch as we are not informed by the bill of exceptions what the felony was. For if it was larceny, previous conviction is not necessary. R. S. c. 120, § 12. *Howe* v. *Clancey*, 53 Maine, 130.

III. Exceptions do not lie to the refusal to order a non-suit.

*Exceptions overruled.*

Appleton, C. J., Dickerson, Barrows, Danforth and Libbey, JJ., concurred.